Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE PONCE
PANEL XI

| PEERLESS OIL & CHEMICALS, INC.<br><br>Recurridos<br><br>V.<br><br>NIDAL KHALIL EL SMAILI; CAROLINE MUÑOZ GAUD; QUEBRADA GAS STATION, INC.; 123 GAS PR, LLC; ADEL BUIRAT; MENGANO; **AYS SERVICE STATION**; ASEGURADORAS D-F<br><br>Peticionarios | KLCE202300605 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: PO2020CV01588<br><br>Sobre: Incumplimiento Contrato; Daños; Interferencia Torticera y Enriquecimiento Injusto |
|---|---|---|

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Adames Soto y la Jueza Martínez Cordero

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de junio de 2023.

El 30 de mayo de 2023, compareció A Y S Service Station LLC (en adelante, parte peticionaria o AYS) ante este Tribunal de Apelaciones, mediante recurso de *certiorari*. Por medio de este, nos solicita que revisemos la *Resolución* emitida el 26 de abril de 2023 y notificada al día siguiente, 27 de abril de 2023, por el Tribunal de Primera Instancia, Sala Superior de Ponce. En virtud del aludido dictamen, el foro *a quo* declaró No Ha Lugar la *Moción de Desestimación* presentada por la parte peticionaria.

Por los fundamentos que expondremos a continuación, se deniega la expedición del recurso de *Certiorari*.

**I**

Los hechos que suscitaron la controversia de epígrafe son los que adelante se esbozan. El 2 de octubre de 2020, Peerless Oil &

Chemicals, Inc. (en adelante, "Peerless") instó una *Demanda* por incumplimiento de contrato, interferencia torticera, enriquecimiento injusto, daños y cobro de fianza en contra de Nidal Khalil El Smaili (en adelante "Smaili"), Caroline Muñoz Gaud (en adelante "Muñoz"), Quebrada Gas Station, Inc., 123 Gas PR, LLC y otras partes reservadas mediante denominaciones ficticias por ser desconocidas.

Luego del diligenciamiento de los emplazamientos y la subsiguiente anotación de rebeldía a los demandados, el 21 de septiembre de 2021, notificada el 22 de septiembre de 2021, el Tribunal de Primera Instancia dictó *Sentencia Parcial* en cuanto a las causas de acción sobre incumplimiento de contrato, interferencia torticera y cobro de dinero, en la que condenó a la parte demandada a pagar ciertas cuantías con el interés aplicable a favor de Peerless. El foro primario también ordenó la continuación de los procedimientos, únicamente a los efectos de recibir prueba sobre la pérdida de la inversión capital por las mejoras realizadas por Peerless, los daños a la marca reclamados y para determinar si procedía descorrer el velo corporativo e imponer responsabilidad personal a los codemandados Smaili y Muñoz.

El 2 de noviembre de 2021, Peerless presentó una *Moción Solicitando Enmienda a la Demanda* dirigida a enmendar la demanda, a los efectos de sustituir a dos de los codemandados identificados con nombres ficticios, por Adel Buirat (en adelante, "Buirat") y A Y S Service Station, LLC y extender las causas de acción a estas partes. El 10 de noviembre de 2021, notificada el mismo día, el foro primario emitió una *Resolución* en la cual declaró Ha Lugar a la moción y autorizando la *Demanda Enmendada*.

El 12 de noviembre de 2021, Peerless presentó una *Moción Solicitando se Expida Emplazamiento* en la que anejó un solo emplazamiento para Buirat y AYS, dado que Buirat figuraba como el agente residente de AYS y solicitó la expedición del emplazamiento

a Buirat por sí y como agente residente de AYS. Mediante *Orden* emitida el 17 de noviembre de 2021, notificada el 18 de noviembre de 2021, el Tribunal de Primera Instancia expidió el emplazamiento. El 4 de febrero de 2022, Peerless presentó un *Escrito al Expediente Judicial* para incluir el emplazamiento diligenciado a Buirat y AYS, por lo que, el Tribunal de Primera Instancia tomó conocimiento el 7 de febrero de 2022.[1]

El 15 de febrero de 2022, AYS presentó una *Solicitud de Término Adicional y para que la Demandante Exponga de Forma más Definida* para solicitar al foro *a quo*, sin someterse a la jurisdicción, que ordenara a Peerless exponer sus alegaciones de una forma más definida y un término de treinta (30) días para presentar su alegación responsiva contado a partir de la exposición más definida.[2] Emitida y notificada el 16 de febrero de 2022, el foro primario declaró Ha Lugar la solicitud. El 22 de febrero de 2022, Peerless presentó una *Moción de Reconsideración y en Cumplimiento de Orden* con el propósito de solicitar que se declarara No Ha Lugar a la *Solicitud de Término Adicional y para que la Demandante Exponga de Forma más Definida*, por entender que no se cumplió con la Regla 10.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.4.[3] En adición a lo anterior, y en la alternativa, Peerless proveyó información para fundamentar su solicitud y, de manera simultánea, cumplir con la orden de una exposición más definida.

Así las cosas, el 4 de marzo de 2022, AYS, "sin someterse a la jurisdicción", presentó una moción de *Desestimación Bajo Regla 10.4 de Procedimiento Civil*, en la cual argumentó que la *Moción de Reconsideración y en Cumplimiento de Orden* no cumplió con la *Orden* del tribunal ni los requisitos de la Regla 10.4 de

---

[1] Véase entrada 68 de SUMAC en el expediente del caso PO2020CV01588.
[2] *Id.*, entrada 69.
[3] *Id.*, entrada 73.

Procedimiento Civil, *supra*, por no enmendar la *Demanda Enmendada* y solicitó el desglose y eliminación de toda alegación y causa de acción en contra de AYS para que, como consecuencia, se desestimara y archivara la demanda a favor de AYS.[4] En la misma fecha, Peerless presentó *Moción en Respuesta a Moción de Desestimación*, en la cual, reiteró sus argumentos y nuevamente solicitó la reconsideración o que la *Orden* se diera por cumplida.[5] El 9 de marzo de 2022, el foro *a quo* indicó que los escritos quedaron sometidos para la disposición del Tribunal.[6]

El 8 de marzo de 2022, Peerless presentó una *Moción Solicitando Anotación de Rebeldía* para solicitar la anotación de rebeldía al codemandado Buirat, dado a su incomparecencia en el procedimiento. El 9 de marzo de 2022, notificada el mismo día, el foro *a quo* emitió una *Resolución* en la cual anotó la rebeldía a la parte codemandada, Buirat.

Acaecidos diversos trámites procesales innecesarios pormenorizar, el 2 de septiembre de 2022, notificada el 6 de septiembre de 2022, el Tribunal de Primera Instancia emitió una *Resolución* declarando Ha Lugar la *Moción de Reconsideración y en Cumplimiento de Orden* y No Ha Lugar la *Desestimación Bajo Regla 10.4 de Procedimiento Civil*. Del mismo modo, el foro primario le concedió veinte (20) días a Peerless para presentar demanda enmendada con exposición más definida de las alegaciones y causas de acción y a AYS, un término de (30) días para presentar su alegación responsiva o moción dispositiva a partir de la presentación de la demanda enmendada.[7]

El 20 de septiembre de 2022, Peerles presentó su *Segunda Demanda Enmendada* con una exposición más definida de las

---

[4] *Id.*, entrada 74.
[5] *Id.*, entrada 75.
[6] *Id.*, entrada 81.
[7] *Id.*, entrada 86.

alegaciones y causas de acción, conforme a lo ordenado por el Tribunal de Primera Instancia. El 27 de septiembre de 2022, notificada el 28 de septiembre de 2022, el foro *a quo* emitió una *Orden* donde autorizó la *Segunda Demanda Enmendada.*

El 31 de octubre de 2022, AYS presentó, "sin someterse a la jurisdicción", una moción de *Desestimación por Prescripción* en la cual argumentó que Peerless conocía, o debió conocer, de AYS y Buirat desde el 3 de septiembre de 2020 y que optó por no incluirlos en la *Demanda* original, por lo que, la causa de acción en contra de ellos estaba prescrita por excederse del término prescriptivo de un (1) año. Además, AYS arguyó que, no procedía la causa de acción sobre interferencia contractual por no haber relación contractual entre AYS y Quebrada Gas Station, Inc., sino que su negocio fue con Quebrada Service Station, Inc. Por el otro lado, AYS también argumentó que no se incluyeron partes indispensables como Quebrada Service Station, Inc., y los dueños de la propiedad, Ernesto Raíces Montijo y Ana D. Méndez Feliciano, lo que convertía la *Sentencia Parcial* en nula y que la acción en contra de estas estaba prescrita. AYS también alegó que, hubo insuficiencia en el emplazamiento en cuanto Buirat y AYS, por lo que, el foro primario nunca adquirió jurisdicción sobre dicha parte. Por último, AYS arguyó que la *Orden* que autorizó la *Demanda Enmendada* fue contraria a lo dispuesto en la *Sentencia Parcial*, por lo cual, constituye ley del caso y no se debió autorizar dicha enmienda. Por todo lo anterior, AYS solicitó la desestimación de la demanda por falta de jurisdicción y por estar prescrita la causa acción.

Transcurridos varios incidentes procesales, el 22 de noviembre de 2022, Peerless presentó su *Oposición a Moción Solicitando Desestimación,* en la cual alegó que la solicitud de desestimación no cumplía con las Reglas de Procedimiento Civil, *supra,* para una desestimación o para una solicitud de sentencia

sumaria. En cuanto a la cuestión jurisdiccional, Peerless arguyó que, el emplazamiento fue suficiente y que AYS no podía pretender exigirle al foro *a quo* examinar documentos, argumentos y solicitudes y a la misma vez, advertirle que no se estaba sometiendo a la jurisdicción. También Peerless argumentó que, la representación de AYS protegía y abogaba por Buirat cuando este no había comparecido ni autorizado la representación alguna, además de que existía controversia sobre si AYS ejercía fuera de sus funciones o por conducto personal de Buirat, entre otras. Peerless añadió que, la moción de desestimación es realmente una moción solicitando sentencia sumaria basada en evidencia inadmisible, así como datos externos y distorsionados cuando no había contestado la *Segunda Demanda Enmendada*, ni comenzado el descubrimiento de prueba y la misma generaba controversias de hechos. Según argumentó Peerless, parte de la prueba evidenciaria incluía cartas del abogado de AYS, por lo cual, el abogado tendría que testificar sobre ellas y que en sí son inadmisibles por diversas razones. En cuanto a la cuestión de parte indispensable, Peerless argumentó que Peerless no tiene reclamo alguno respecto a los dueños de la propiedad ni con la propiedad inmueble, pues, su relación contractual fue con el operador que arrendaba la estación en calidad de suplidor de combustible.

Resueltos varios asuntos procesales, el 22 de febrero de 2023, notificada el mismo día, el foro *a quo* emitió una *Orden* en la quedó sometida la controversia de la desestimación.[8] Así las cosas, el 26 de abril de 2023, notificada el mismo día, el foro primario emitió una *Resolución* en la que declaró No Ha Lugar la moción de *Desestimación por Prescripción* y le concedió un término de quince (15) días para presentar su alegación responsiva, so pena de

---

[8] *Id.*, entrada 110.

anotarle la rebeldía. En cuanto a los argumentos de AYS, el foro apelado concluyó que, no procedían por las siguientes razones. En relación con la prescripción, el tribunal entendió que no se sentaron las bases ni se demostró mediante declaración jurada el conocimiento personal de lo alegado y que fue posterior a la demanda que Peerless identificó a las personas que habían interferido en el contrato. Adujo que, a base de la referida evidencia presentada, no procedería la sentencia sumaria por existir controversia real sustancial sobre los elementos de la causa de acción por interferencia torticera y por el foro primario tener dudas en cuanto al asunto de la prescripción. En cuanto a la alegación de insuficiencia en el emplazamiento, el foro de instancia aclaró que Buirat nunca compareció, por lo que, se le anotó rebeldía y que el emplazamiento y su diligenciamiento cumplieron con los requisitos reglamentarios. En cuanto a la parte indispensable, concluyó que, los dueños titulares del terreno no son partes indispensables, por no guardar relación con la causa de acción presente.

Aun insatisfecha, el 30 de mayo de 2023, AYS acudió a este foro revisor mediante recurso de *certiorari*, y le imputó a la primera instancia judicial haber cometido los siguientes errores:

> **ERRÓ** el Honorable Tribunal de Primera Instancia al actuar en contra de sus propias decisiones, con parcialidad, perjuicio y en craso abuso de su discreción, al permitir, luego del Foro haber emitido una Sentencia Parcial, que la parte demandante enmendara la Demanda para nombrar e incluir en ella a la parte aquí peticionaria y al señor Adel Buirat.

> **ERRÓ** el Honorable Tribunal de Primera Instancia al actuar con parcialidad, perjuicio y en craso abuso de su discreción, al NO desestimar la Segunda Demanda Enmendada por razón de las causas de acción levantadas en contra de la Peticionaria y del señor Adel Buirat haber prescrito.

> **ERRÓ** el Honorable Tribunal de Primera Instancia al actuar con parcialidad, perjuicio y en craso abuso de su discreción, al aceptar que la Peticionaria y el señor Adel Buirat hayan sido alegadamente emplazados, utilizando un (1) sólo formulario de emplazamiento, para

alegadamente emplazar a dos (2) partes, una persona natural y una persona jurídica, a la misma vez.

**ERRÓ** el Honorable Tribunal de Primera Instancia al actuar con parcialidad, perjuicio y en craso abuso de su discreción, al NO desestimar la Segunda Demanda Enmendada por falta de partes indispensables.

Con el beneficio de la comparecencia de las partes, procedemos a disponer del recurso ante nuestra consideración.

**II**

## A. El Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, *supra*, pág. 372. La precitada Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

El *certiorari*, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna*

*Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**B. *Enmiendas a las alegaciones***

La Regla 13.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 13.1, estatuye lo relativo a las enmiendas a las alegaciones. Dicha Regla dispone que:

> Cualquier parte podrá enmendar sus alegaciones en cualquier momento antes de habérsele notificado una alegación responsiva. Si su alegación es de las que no admiten alegación responsiva y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. En cualquier otro caso, las partes podrán enmendar su alegación únicamente con el permiso del tribunal o mediante el consentimiento por escrito de la parte contraria; el permiso se concederá liberalmente cuando la justicia así lo requiera. La solicitud de autorización para enmendar las alegaciones deberá estar acompañada de la alegación enmendada en su totalidad. Una parte notificará su contestación a una alegación enmendada dentro del tiempo que le reste para contestar la alegación original o dentro de veinte (20) días de haberle sido notificada la alegación enmendada, cualquiera de estos plazos que sea más largo, a menos que el tribunal de otro modo lo ordene.

Con respecto a la antes referida regla, nuestro Máximo Foro expresó en *S.L.G. Sierra v. Rodríguez*, 163 DPR 738, 747 (2005), que la misma establece una clarísima directriz en cuanto a la concesión liberal de este remedio "cuando la justicia así lo requiera". Resulta evidente que "**la regla concede, en primer lugar, discreción al tribunal para determinar la procedencia de una enmienda a las alegaciones y, en segundo lugar, favorece su concesión**." *Id.* (Énfasis Nuestro).

Cónsono con lo anterior, el tratadista José Cuevas Segarra ha señalado que:

> Los estatutos que conceden discreción a los tribunales para autorizar enmiendas, dejar sin efecto actuaciones anteriores, y otros actos similares para lograr justicia sustancial, son preceptos reparadores que deben interpretarse liberalmente. J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* 2da ed., San Juan, Publicaciones JTS, 2011, T. II pág. 591.

Por su parte, nuestra Más Alta Curia ha sido enfática en que existe una clara política pública en nuestro ordenamiento de que los casos se deben ventilar en sus méritos, por lo cual, las Reglas favorecen la autorización de las enmiendas a las alegaciones. *Colón Rivera v. Wyeth Pharm.*, 184 DPR 184, 198 (2012); *Rivera et al. v. Superior Pkg., Inc. et al.*, 132 DPR 115, 124 (1992).

Por ende, los tribunales poseen amplia facultad discrecional para decidir si permiten la enmienda a una alegación, incluso, en etapas adelantadas de los procedimientos. *Colón Rivera v. Wyeth Pharm.*, supra; *Ortiz Diaz v. R & R Motors Sales Corp.*, 131 DPR 829, 836 (1992). Solo ante la presencia de manifiesto perjuicio a la parte contraria o claro abuso de discreción al autorizar la enmienda procede la revocación de la determinación del juez. *Colón Rivera v. Wyeth Pharm.*, supra.

No obstante, a pesar de que las Reglas de Procedimiento Civil favorecen un enfoque liberal a la autorización de enmiendas a las alegaciones, esta liberalidad no es infinita. *Romero v. S.L.G. Reyes*, 164 DPR 721, 730 (2005); *Epifanio Vidal, Inc. v. Suro*, 103 DPR 793, 796 (1975). Para demarcar el ámbito de discreción de los tribunales, nuestra última instancia judicial ha establecido cuatro (4) elementos que deben tomarse en consideración al momento de decidir si se autoriza una enmienda. Estos elementos son "(1) el impacto del tiempo trascurrido previo a la enmienda, (2) la razón de la demora, (3) el perjuicio a la otra parte, y (4) la procedencia de la enmienda solicitada". *S.L.G. Sierra v. Rodríguez*, 163 DPR 738, 748 (2005). Estos factores no operan de modo aislado, por lo cual, hemos adoptado un enfoque dinámico mediante el cual deben considerarse los cuatro (4) conjuntamente. *S.L.G. Sierra v. Rodríguez, supra.* Este enfoque dinámico significa que el paso del tiempo, por sí solo, no obliga a los tribunales a negar el permiso para enmendar las alegaciones. *Id.*

Sin embargo, nuestro Tribunal Supremo reiteró que "[e]l factor que resulta de mayor relevancia al momento de evaluar una solicitud de autorización para enmendar las alegaciones es el perjuicio que puede causarse a la parte contraria". A tales efectos, el tratadista Cuevas Segarra señala que "cuando la propuesta enmienda altera radicalmente el alcance y naturaleza del caso, con un consecuencial cambio, convirtiendo la controversia inicial, en tangencial, el permiso debe ser denegado, pero ello no significa que no se puedan adicionar nuevas teorías o nuevas reclamaciones." *S.L.G. Sierra v. Rodríguez*, supra, pág. 749.

Así que, independientemente de la etapa en que se presente la propuesta enmienda o que se incluyan en esta nuevas teorías o reclamaciones, los tribunales deben ponderar con especial énfasis el perjuicio que dicha enmienda podría causarle a la otra parte. *Id.*, págs. 750.

En cuanto a qué constituye un perjuicio indebido para propósitos de este precepto, nuestra Máxima Curia se ha expresado en varias ocasiones. No obstante, el análisis se ha enfocado en pautar normas en cuanto a situaciones que *no* constituyen perjuicio indebido. Así por ejemplo, nuestro Tribunal Supremo ha dicho que un mero cambio de teoría en las alegaciones no constituye perjuicio indebido. Tampoco lo es, por sí solo, el tiempo transcurrido entre la presentación de la alegación original y su propuesta enmienda. (Cita omitida). *Id.,* pág. 749.

Ante esto, el Tribunal Supremo de Puerto Rico indicó en *Colón Rivera v. Wyeth Pharm.*, supra, pág. 200, que aún persisten dudas en cuanto al significado de *perjuicio indebido* para propósitos de la Regla 13.1, *supra*. El profesor Vázquez Irizarry comenta que:

> Este criterio de por sí introduce preguntas interesantes en cuanto a qué significa y cuál es su alcance. Después de todo, alguien podría razonablemente afirmar que toda enmienda a las alegaciones ocasionará un perjuicio a la parte contraria pues el objetivo de quien

la presenta no es otro que adelantar su causa dentro del litigio. W. Vázquez Irizarry, *Procedimiento Civil*, 75 Rev. Jur. U.P.R. 175, 197 (2006).

Más adelante, el profesor continúa comentando que:

[P]odemos colegir que el perjuicio al que se refiere la Regla 13.1 como límite a la concesión liberal de autorización para enmendar, más que un efecto sustantivo negativo sobre la otra parte, lo que pretende evitar es el efecto negativo de carácter eminentemente procesal. De ahí que la clave sea que el perjuicio, para operar como freno a la enmienda, debe ser *indebido* en el sentido de que coloque a la parte contraria en una situación de desventaja respecto a lo que es el trámite ordenado del litigio. *Id.*

En cuanto a qué constituye perjuicio indebido, los tribunales federales han ponderado diversos factores. Por ejemplo, se ha analizado la posibilidad de que la parte que se opone a la enmienda tenga que incurrir en gastos adicionales y preparación nueva para enfrentarse a las alegaciones enmendadas; si la parte que propone la enmienda ha tenido múltiples oportunidades para presentar sus enmiendas y la futilidad de las nuevas causas de acción. *Id.*, págs. 201-202.

## D. *Emplazamiento*

El Art. II, Sec. 7 de la Constitución del E.L.A., Tomo 1, prohíbe que cualquier persona sea privada de su libertad o propiedad sin el debido proceso de ley. Esta garantía está consagrada también en las Enmiendas V y XIV de la Constitución de los Estados Unidos. *Rivera Rodríguez & Co v. Lee Stowell*, 133 DPR 881, 887 (1993).

De conformidad con la cláusula constitucional del debido proceso de ley, un tribunal solo actuará sobre la persona de un demandado o demandada cuando haya adquirido jurisdicción sobre éste o ésta. *SLG Rivera-Pérez v. SLG Díaz-Doe et al.*, 207 DPR 636, 646 (2021); *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 644 (2018). Reiteradamente nuestro Alto Foro ha expresado que, como regla general, nuestro ordenamiento jurídico reconoce el emplazamiento como el mecanismo procesal mediante el cual un

tribunal adquiere jurisdicción *in personam. SLG Rivera-Pérez v SLG Díaz-Doe et al., supra; Bernier González v. Rodríguez Becerra, supra; Torres Zayas v. Montano Gómez,* 199 DPR 458, 467 (2017). El propósito del emplazamiento es notificarle a la persona demandada que se ha presentado una acción judicial en su contra, a la vez que se le llama para que ejerza su derecho a ser oída y defenderse. *SLG Rivera-Pérez v. SLG Díaz-Doe et al., supra; Bernier González v. Rodríguez Becerra, supra,* págs. 644-645; *Torres Zayas v. Montano Gómez, supra; Banco Popular v. SLG Lebrón,* 164 DPR 855, 863 (2005).

El emplazamiento constituye el paso inaugural del mandato constitucional que cobija a toda persona demandada, viabilizando además, el ejercicio de jurisdicción judicial. *SLG Rivera-Pérez v. SLG Díaz-Doe et al.,* supra; *Bernier González v. Rodríguez Becerra, supra,* pág. 644; *Medina v. Medina,* 161 DPR 806, 823 (2004). Consecuentemente, y dado a que "el emplazamiento se mueve dentro del campo del Derecho constitucional", nuestro ordenamiento jurídico ha requerido el cumplimiento estricto de una serie de requisitos para su eficacia. *SLG Rivera-Pérez v. SLG Díaz-Doe et al.,* supra; R. Hernández Colón, Práctica jurídica de Puerto Rico: Derecho Procesal Civil, 6ta ed., San Juan, LexisNexis, 2017, pág. 257. Véase, también, *Bernier González v. Rodríguez Becerra, supra; Torres Zayas v. Montano Gómez, supra; Lucero Cuevas v. San Juan Star,* 159 DPR 494, 507 (2003). En ese sentido, es menester señalar que la falta de un correcto emplazamiento a la parte contra la que un tribunal dicta sentencia "produce la nulidad de la sentencia dictada por falta de jurisdicción sobre el demandado [..]". *SLG Rivera-Pérez v. SLG Díaz-Doe et al.,* supra; *Torres Zayas v. Montano Gómez, supra,* págs. 468-469*; Lucero Cuevas v. San Juan Star, supra,* pág. 507. En dichos escenarios, se trataría de un caso de nulidad radical por imperativo constitucional. *SLG Rivera-Pérez*

*v. SLG Díaz-Doe et al.,* supra; *Torres Zayas v. Montano Gómez, supra,* pág. 469*; Lucero Cuevas v. San Juan Star*, supra, págs. 507-508.

Por consiguiente, emplazar conforme a derecho, de ordinario, y según nuestro Tribunal Supremo ha sentenciado en el pasado, supone dar estricto cumplimiento a los requisitos dispuestos en las Reglas de Procedimiento Civil. Este marco reglamentario provee para que, como norma general, se emplace a la persona demandada personalmente o, por vía de excepción, mediante edicto.

En lo pertinente, la Regla 4 de Procedimiento Civil, 32 LPRA Ap. V, R. 4, regula lo relacionado a los emplazamientos. Específicamente, la Regla 4.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3, dispone lo concerniente al término para diligenciar los mismos. En particular, dicha regla establece lo siguiente:

> (C) El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.

Vemos que la Regla 4.3 (c) de Procedimiento Civil, *supra*, preceptúa varios aspectos del emplazamiento, a saber: el término que tiene el demandante para emplazar, desde cuándo comienza a transcurrir dicho término, en qué momento la Secretaría del tribunal de instancia debe expedir los emplazamientos, qué sucede si la Secretaría no expide los emplazamientos en el momento preciso y el efecto dispositivo que tendrá la causa de acción si el demandante no logra diligenciar los emplazamientos conforme a la mencionada regla. *Bernier González v. Rodríguez Becerra*, 200 DPR 637 (2018).

En cuanto a en qué momento la Secretaría del tribunal de instancia debe expedir los emplazamientos, la Regla 4.3 (c) de Procedimiento Civil, *supra*, es clara al establecer que ésta tiene el deber de expedir los emplazamientos el mismo día en que se presente la demanda. Regla 4.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V. Claro está, siempre que el demandante entregue los formularios de emplazamiento ese mismo día. *Bco. Des. Eco. v. AMC Surgery*, 157 DPR 150, 155 (2002). Así, "expedido el emplazamiento, la parte que solicita el mismo cuenta con un término de ciento veinte (120) días para poder diligenciarlo". *Torres Zayas v. Montano Gómez*, supra. Este término es improrrogable y, consecuentemente, si en 120 días el demandante no ha podido diligenciar el emplazamiento automáticamente se desestimará su causa de acción. *Bernier González v. Rodríguez Becerra*, supra.

Al respecto, el profesor Rafael Hernández Colón señaló que: "[e]n el caso que Secretaría expida los emplazamientos el mismo día, la Regla 4.3 (c) no provee discreción al tribunal para extender el término". R. Hernández Colón, *Derecho Procesal Civil*, 5ta ed. San Juan, Lexis Nexis, 2010, págs. 232-233. Por ello, "no puede recurrirse a la R. 68.2, 2009 para que el juez conceda una prórroga al término para emplazar debido a que estaría en contravención con la intención legislativa".[9] *Id.*, pág. 267.

Si la Secretaría del tribunal de instancia no expidiera los emplazamientos el mismo día en que se presentó la demanda junto

---

[9] La Regla 68.2 de Procedimiento Civil de 2009, 32 LPRA Ap. V, lee como sigue:
Cuando por estas reglas o por una notificación dada en virtud de sus disposiciones, o por una orden del tribunal se requiera o permita la realización de un acto en o dentro de un plazo especificado, el tribunal podrá, por justa causa, en cualquier momento y en el ejercicio de su discreción: (1) previa moción o notificación, o sin ellas, ordenar que se prorrogue o acorte el término si así se solicita antes de expirar el término originalmente prescrito o según prorrogado por orden anterior, o (2) en virtud de moción presentada después de haber expirado el plazo especificado, permitir que el acto se realice si la omisión se debió a justa causa, pero no podrá prorrogar o reducir el plazo para actuar bajo las disposiciones de las Reglas 43.1, 44.1, 47, 48.2, 48.4, 49.2 y 52.2, salvo lo dispuesto en las mismas bajo las condiciones en ellas prescritas.

a los formularios de emplazamiento, la Regla 4.3 (c) de Procedimiento Civil, *supra*, establece que el tiempo que se haya demorado Secretaría será el mismo tiempo adicional que el tribunal otorgará para gestionar el diligenciamiento. Ello, una vez el demandante presente oportunamente una solicitud de prórroga. *Id.*

Sin embargo, es sabido que "[p]ara que comience a decursar ese término, es requisito no solamente que se haya presentado la demanda y sometido el emplazamiento correspondiente sino, además, que el emplazamiento sea expedido por el tribunal". Esto, unido a que la propia regla establece que el tiempo que se demore la Secretaría en expedir los emplazamientos será el mismo tiempo adicional que otorgarán los tribunales, lleva al Tribunal Supremo de Puerto Rico a concluir que no se trata de solicitar una prórroga como tal. Más bien, según nuestra Alta Curia, se trata del deber de presentar una moción al tribunal solicitando la expedición de los emplazamientos. En consecuencia, una vez la Secretaría expide el emplazamiento, entonces comenzará a transcurrir el término de 120 días. Por eso, no se trata en realidad de una prórroga debido a que en ninguna de estas circunstancias la parte contará con más de 120 días. (Citas omitidas). *Id.*

Ahora bien, los demandantes no pueden cruzarse de brazos y dejar que transcurra un periodo irrazonable para presentar la moción. De lo contrario, se actuaría en contravención al principio rector de resolver las controversias de forma justa, rápida y económica. (Cita omitida). *Id.*

En cuanto al emplazamiento personal, la Regla 4.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.4., sugiere que su diligenciamiento dependerá de la situación legal de la persona -- natural o jurídica --, a la cual se le servirá. *SLG Rivera-Pérez v. SLG Díaz-Doe et al.*, supra; Véase, Hernández Colón, op. cit., pág. 262. En el caso específico de una corporación, el inciso (e) de la Regla 4.4,

*supra,* dispone que se diligenciará el emplazamiento entregándole copia de éste y de la demanda a un(a) oficial, gerente administrativo(a), agente general o a cualquier otro(a) agente autorizado(a) por nombramiento o designado(a) por ley para recibirlo.[10] *SLG Rivera-Pérez v. SLG Díaz-Doe et al.,* supra.

Por otro lado, un demandado renuncia al requisito de la notificación formal cuando se somete voluntariamente a la jurisdicción del tribunal. Esto lo puede hacer al cumplir voluntariamente con las órdenes del tribunal y, a solicitud de éste, presentar documentos pertinentes dirigidos a dilucidar la reclamación que incoe la parte demandante en su contra. *Vázquez v. López,* 160 DPR 714 (2003). Cabe señalar que la notificación formal, al igual que la mayoría de los derechos, es renunciable. *Qume Caribe, Inc. v. Srio. de Hacienda,* 153 DPR 700, 711 (2001).

En nuestro ordenamiento procesal, esto se conoce como "**sumisión voluntaria**". Una forma reconocida de efectuar tal renuncia es mediante la **sumisión** expresa o **tácita del demandado**. *Cirino González v. Adm. Corrección,* 190 DPR 14 (2014). (Énfasis Nuestro). En *Qume Caribe, Inc. v. Srio. de Hacienda, supra,* nuestra Máxima Curia expresó que: **"[l]a figura de la sumisión consiste en que una parte comparece voluntariamente y realiza algún acto sustancial que la constituya parte en el pleito, sometiéndose así a la jurisdicción del Tribunal"**. (Énfasis Nuestro). Es decir, la comparecencia voluntaria de la parte demandada suple la omisión del emplazamiento y esto es suficiente para que el tribunal adquiera jurisdicción sobre la persona bajo las garantías del debido proceso de ley.

---

[10] Al respecto, cabe precisar que, en principio, no cabe hablar de emplazamiento personal a una corporación, pues se trata de una persona ficticia, por lo que el emplazamiento deberá hacerse mediante un agente o similar. Véase, IX *Fletcher Cyclopedia of the Law of Corporations* Sec. 4412, págs. 472-473 (2020).

**E. *Parte Indispensable***

Las Reglas de Procedimiento Civil regulan el precepto de parte indispensable en un pleito. La Regla 16.1 establece que: "[l]as personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularan como demandantes o demandadas, según corresponda". 32 LPRA Ap. V; *Payano v. Cruz*, supra; *RPR & BJJ Ex Parte*, 207 DPR 389, 407 (2021).

Nuestro Tribunal Supremo interpreta una parte indispensable como aquella de la cual no se puede prescindir, pues sin su presencia, las cuestiones litigiosas no pueden adjudicarse correctamente, ya que sus derechos quedarían afectados por una determinación judicial. *Payano v. Cruz*, supra; *RPR & BJJ Ex Parte*, supra, pág. 407; *López García v. López García*, 200 DPR 50, 63 (2018), citando a: *Deliz et als. v. Igartúa et als.*, 158 DPR 403, 432 (2003); *Cepeda Torres v. García Ortiz*, 132 DPR 698, 704 (1993). Hernández Colón, *op. cit.*, Sec. 1202, pág. 165. En particular, ha señalado el Alto Foro que:

> El tercero ausente [en el pleito] debe tener [tal] interés común en [este] que convierte su presencia en un requisito indispensable para impartir justicia completa o de tal orden que impida la confección de un decreto sin afectarlo. La justicia completa es aquella entre las partes y no la que se refiere a una parte y al ausente. El interés común tiene que ser uno real e inmediato. Hernández Colón, *op. cit.*, Sec. 1202, pág. 166.

Sobre el alcance de la Regla 16.1 de Procedimiento Civil, *supra,* nuestro Máximo Foro ha señalado que "este precepto procesal forma parte del esquema de rango constitucional que prohíbe que una persona sea privada de su libertad o propiedad sin el debido proceso de ley". *López García v. López García*, supra, págs. 63-64, citando a: *Mun. de San Juan v. Bosque Real, SE*, 158 DPR 743, 756 (2003). *Infante v. Maeso*, 165 DPR 474, 490 (2005); *Cepeda Torres v. García Ortiz*, supra. Más específico aún, esta regla parte de

dos principios fundamentales, a saber: (1) la protección constitucional que impide que una persona sea privada de la libertad y de su propiedad sin un debido proceso de ley, y (2) la necesidad de incluir a una parte indispensable para que el decreto judicial emitido sea completo. *Payano v. Cruz*, supra; *RPR & BJJ Ex Parte*, supra, pág. 407; *Allied Mgmt. Grp., Inc. v. Oriental Bank*, 204 DPR 374 389 (2020); *López García v. López García*, supra, pág. 64.

Ahora bien, **precisa señalar que no se trata de cualquier interés sobre un pleito, sino de un interés de tal orden que impida la confección de un derecho adecuado sin afectar o destruir radicalmente los derechos a esa parte.** *Id.*; *Romero v. SLG Reyes*, 164 DPR 721, 733 (2005). (Énfasis Nuestro). Véase Cuevas Segarra, *op. cit.*, T. II, pág. 691. Asimismo, el "interés común" al que hace referencia la Regla 16.1 de Procedimiento Civil, *supra*, **no es cualquier interés en el pleito, sino que tiene que ser real e inmediato y no puede tratarse de meras especulaciones o de un interés futuro**. *Payano v. Cruz*, supra; *RPR & BJJ Ex Parte*, *supra*, pág. 408; *Allied Mgmt. Grp., Inc. v. Oriental Bank*, supra, págs. 389-390. (Énfasis Nuestro).

Nuestro Tribunal Supremo ha establecido que la interpretación de esta regla requiere un enfoque pragmático, es decir, que se evalúe a la luz de las circunstancias particulares que se presenten y no de una formula rígida para determinar su aplicación. *López García v. López García*, supra, pág. 65, citando a: *Romero v. SLG Reyes*, supra, pág. 732; *RPR & BJJ Ex Parte*, supra, pág. 408. Específicamente, ha resuelto que:

> [l]a determinación final de si una parte debe o no acumularse depende de los hechos específicos de cada caso individual. Exige una evaluación jurídica de factores, tales como tiempo, lugar, modo, alegaciones, prueba, clase de derechos, intereses en conflicto, resultado y formalidad. Cuando, en un pleito, las partes no se han tomado la iniciativa de brindar a terceros ausentes la oportunidad de salvaguardar unos derechos que pueden resultar afectados, estos terceros

deben ser acumulados como parte para poder dar finalidad a la adjudicación de la controversia medular. No es suficiente que el ausente haya tenido la oportunidad de intervenir en el pleito, pues mientras no se le haya hecho parte, no se le puede privar de unos derechos mediante sentencia. *López García v. López García,* supra, citando a: Cuevas Segarra, *op. cit.*, T. II, pág. 695. Véase *Payano v. Cruz*, supra.

Dicho de otro modo, la determinación de si debe acumularse a una parte en un pleito depende de los hechos específicos de cada caso. Ello implica que los tribunales deben hacer un análisis juicioso sobre los derechos de las partes que no están presentes y las consecuencias de que se unan al procedimiento. Así pues, lo fundamental es determinar si el tribunal puede hacer justicia y conceder un remedio final y completo a las partes presentes sin afectar los intereses de la parte ausente. *Payano v. Cruz*, supra; *RPR & BJJ Ex Parte*, supra, pág. 409; *López García v. López García,* supra, pág. 65.

La falta de parte indispensable en un pleito es un interés tan fundamental, que constituye una defensa irrenunciable que puede presentarse en cualquier momento durante el proceso. Incluso, los foros apelativos, si así lo entienden, pueden y deben levantar *motu proprio* la falta de parte indispensable en un pleito, debido a que ésta incide sobre la jurisdicción del tribunal. *Id.*; *RPR & BJJ Ex Parte*, supra, pág. 408.

En conclusión, como se puede apreciar, la razón de ser de la Regla 16.1 de Procedimiento Civil, *supra*, responde al interés de proteger a aquellas personas —naturales o jurídicas— que no están presentes en el pleito de los efectos que acarrea la sentencia dictada y, así, evitar la multiplicidad de pleitos mediante un remedio efectivo y completo. *López García v. López García,* supra, pág. 65; *Granados v. Rodríguez Estrada II,* 124 DPR 593, 605 (1989); *Hernández Agosto v. Romero Barceló,* 112 DPR 407, 412–413 (1982).

Dicha protección encuentra su razón de ser en que, como se ha establecido en más de una ocasión, no traer a una parte indispensable a un pleito, sin duda alguna, se traduce en una violación al debido proceso de ley que le cobija. *López García v. López García*, supra, pág. 66; *Deliz et als. v. Igartúa et als.*, supra, pág. 43.

Cabe destacar que, a pesar de que la omisión de una parte indispensable es motivo para desestimar una causa de acción, no es óbice para que los tribunales, a instancia propia o a solicitud de parte, conceda la oportunidad de traer al pleito a la parte ausente. *Payano v. Cruz*, supra, citando a *Meléndez v. ELA*, 113 DPR 811 (1983); J.A. Cuevas Segarra, *op. cit.,* pág. 694.

Expuesta la norma jurídica, procedemos a aplicarla a los hechos ante nuestra consideración.

**III**

Como primer señalamiento de error, la peticionaria arguye que el foro *a quo* erró al permitir que la parte recurrida enmendara la *Demanda Enmendada* para incluir a la parte peticionaria y a Buirat, a pesar de haber una *Sentencia Parcial*. No le asiste la razón.

Cabe destacar que, la *Sentencia Parcial* no involucra a la parte peticionaria, sino que va dirigida a la adjudicación de las causas de acción en contra de los codemandados del caso, respecto al cual aún subsisten controversias. La *Sentencia Parcial* no impide atender reclamaciones en contra de AYS y Buirat y tampoco constituye un acto contrario a las propias acciones del foro recurrido. La Regla 13.1 de Procedimiento Civil, *supra*, le concede discreción al tribunal para determinar la procedencia de las enmiendas, por lo cual, se concederán liberalmente. Los tribunales poseen amplia facultar discrecional para determinar si proceden las enmiendas, aun en etapas avanzadas, y es solo ante la presencia de manifiesto perjuicio a la parte contraria o claro abuso de discreción que procedería la

revocación de la determinación. *Colón Rivera v. Wyeth Pharm.*, supra, pág. 198. Entendemos que no estamos ante las instancias antes indicadas que ameriten nuestra intervención en este asunto.

Como segundo señalamiento de error, la parte peticionaria alega que el foro primario erró al no desestimar la *Segunda Demanda Enmendada* al esta haber prescrito. No le asiste la razón.

En su moción dispositiva, la parte peticionaria anejó documentos para sustentar su alegación de prescripción, en particular, cartas intercambiadas entre los abogados de la parte recurrida y la parte peticionaria. El foro *a quo* señaló que, en cuanto a dicha evidencia, no se sentaron las bases y tampoco se incluyó declaración jurada de conocimiento personal de los documentos y las alegaciones en el escrito. El foro recurrido concluyó que, ello implica asuntos de credibilidad que se tienen que dirimir mediante la evaluación presencial de testimonios porque presenta una controversia de hechos sustanciales que imposibilitan la resolución mediante el mecanismo de sentencia sumaria. Coincidimos con el Tribunal de Primera Instancia en este particular y entendemos que amerita una prudente y detenida evaluación de la evidencia por el foro primario en aras de la búsqueda de la verdad y ventilar el caso en sus méritos.

Como tercer señalamiento de error, la parte peticionaria alega que el foro *a quo* erró al aceptar que la parte peticionaria fue emplazada, a pesar de haber sido emplazada mediante un solo formulario de emplazamiento, en la cual se incluyó al Sr. Buirat, en su capacidad personal y como agente residente de AYS. El foro recurrido concluyó que, el emplazamiento fue suficiente y conforme al derecho vigente. Independientemente de si el emplazamiento fue suficiente o no, este es un planteamiento académico, pues, la parte peticionaria se sometió voluntaria y tácitamente a la jurisdicción mediante actos sustanciales que la constituye parte en el pleito tal

como el cumplimiento voluntario con las órdenes del tribunal y presentar argumentos y documentos pertinentes dirigidos a dilucidar la reclamación. *Rodríguez v. Urban Brands*, 167 DPR 509, 524-525 (2006); *Vázquez v. López*, 160 DPR 714, 721 (2003); *Qume Caribe, Inc. v. Srio. de Hacienda*, supra.

Como cuarto y último señalamiento de error, la parte peticionaria alega que, el foro recurrido cometió el error de no desestimar la *Segunda Demanda Enmendada* por falta de partes indispensables. No nos convence. La parte peticionaria aduce que, los dueños titulares del terreno son partes indispensables. Empero no fundamenta ni elabora su argumento en torno a la razón por la cual éstos son partes indispensables, más allá del mero hecho de ser dueños del terreno. El caso de autos gira en torno a las actividades comerciales y relaciones contractuales entre las partes, en las cuales, los dueños del terreno no fueron parte. Tampoco surge de la *Demanda* ni del expediente judicial que la parte recurrida tenga reclamación alguna contra los dueños del terreno o que estas tengan algún interés en el litigio. Ante ello, resulta forzoso concluir que, el planteamiento es improcedente y no tiene apoyo en el tracto procesal y en el derecho aplicable.

Tras evaluar detenidamente el recurso presentado por la parte peticionaria, y luego de una ponderada revisión, colegimos que no procede la expedición del auto solicitado. Los señalamientos de error antes reseñados, por los fundamentos aducidos en la petición, no pueden activar nuestra jurisdicción discrecional en el caso de autos. La decisión recurrida no es manifiestamente errónea y la parte peticionaria no demostró que el foro *a quo* actuó con prejuicio, parcialidad o en abuso de su discreción. La parte peticionaria tampoco ha logrado persuadirnos de que nuestra abstención apelativa en este momento y sobre el asunto planteado constituiría cualquiera de los criterios esbozados en nuestro reglamento que

active nuestra función revisora. Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.*

## IV

Por los fundamentos que anteceden, se deniega la expedición del recurso de *Certiorari.*

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones